

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

August 11, 2020

**BY ECF**
Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States of America v. $38,406,717.42 in United States Currency*,
               No. 20 Civ. 06173 (AKH)

Dear Judge Hellerstein,

      The Government writes to advise the Court that the above-referenced case is related to *United States ex rel. Bilotta* v. *Novartis Pharmaceuticals Corp.*, 11 Civ. 0071 (PGG) (the "Novartis Suit"), which is currently before the Honorable Paul G. Gardephe. Unfortunately, due to a clerical error, the appropriate notation was not made in the civil cover sheet at the time of filing.

      The two cases are related because they both arise out of the same facts. Specifically, both matters concern allegations that Novartis offered and paid remuneration to health care practitioners who spoke at or attended Novartis speaker events in order to induce them to prescribe various drugs manufactured by Novartis in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7(b) (the "AKS") and thereby caused false claims for prescriptions for those drugs to be submitted to and paid by Government health care payors in violation of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq*. In addition to resolving the Novartis Suit, the settlement stipulation entered on July 1, 2020, also resolved any claims that the Government had to civil forfeiture of the proceeds of Novartis' alleged conduct. As the Court is aware, 18 U.S.C. § 981(a)(l) subjects to forfeiture to the United States "any property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C. §] 1956(c)(7)[.]" 18 U.S.C. § 1956(c)(7), in turn, defines "specified unlawful activity" - for purposes of civil forfeiture - to include "any act or activity constituting an offense involving a Federal health care offense." A "Federal health care offense" is defined to include violations of the AKS. *See* 18 U.S.C. § 24(a)(l).

      In the Novartis Suit, the Government alleged - as a predicate for its False Claims Act cause of action - that Novartis violated the AKS. The proceeds of those alleged AKS violations,

thus, are also subject to civil forfeiture under 18 U.S.C. § 981(a)(l). Specifically, Novartis agreed to transfer $38,406,717.42 million to the Government as a substitute res for net proceeds obtained by Novartis as the result of conduct described in the admissions set forth in paragraph 2 of the settlement stipulation. Novartis further agreed that the $38,406,717.42 is subject to civil forfeiture to the United States. *See* Novartis Settlement Stipulation at ¶ 21.

To effectuate this resolution, the Government filed the above-referenced *in rem* civil forfeiture action that is assigned to Your Honor. Because the civil forfeiture action and the Novartis Suit "concern the same or substantially similar parties, []transactions or events" and "there is substantial factual overlap," we respectfully request that Your Honor request that Judge Gardephe accept the civil forfeiture action as a "related case" under Rule 13 the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

The Government apologizes for any inconvenience and thanks the Court for its consideration of this request.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney for the
        Southern District of New York

By:    */s/ Jacob M. Bergman*
        JEANETTE A. VARGAS
        PIERRE G. ARMAND
        MÓNICA FOLCH
        JACOB T. LILLYWHITE
        JENNIFER A. JUDE
        JACOB M. BERGMAN
        Assistant United States Attorneys
        86 Chambers Street
        New York, New York 10007
        Tel: (212) 637-2678/2724/6559/2639/2663/2776
        Fax: (212) 637-2686

cc: Honorable Paul G. Gardephe, United States District Judge